Filed June 9, 1885.

———————◆———————

No. 12,261.

THE STATE v. JOHNSON.

CRIMINAL LAW.—*Involuntary Manslaughter.*—*Assault and Battery.*—An unlawful assault and battery without a purpose to kill, even where danger to life or serious bodily harm would not be the probable result of the violence, but which does, nevertheless, result in death, is involuntary manslaughter. R. S. 1881, section 1908.

From the Porter Circuit Court.

*F. T. Hord,* Attorney General, *E. D. Crumpacker,* Prosecuting Attorney, and *A. D. Bartholomew,* for the State.

*W. Johnston* and *W. Pagin,* for appellee.

MITCHELL, C. J.—On the trial of the appellee upon an indictment for involuntary manslaughter, the evidence showed that on the 16th day of August, 1884, he and one Carbon met in a saloon in Valparaiso, Indiana; that the appellee, without cause or provocation, knocked Carbon down, seized and threw him through a screen door, Carbon falling on his back with his feet over the door sill. Some time during the

course of the assault thus made upon him, Carbon received a wound which lacerated the flesh and exposed the bones of one of his thumbs at the first joint; notwithstanding the wound was properly cared for, *tetanus* or "lock-jaw" ensued, and death resulted on the 23d day of August, 1884. Carbon was in good health at the time of the injury, weighed about one hundred and twenty-five pounds, and was seventy-one years old. The appellee was thirty-six years old and weighed about one hundred and sixty pounds.

At the proper time the State, by its attorney, requested on its behalf the following instruction : " If you are convinced beyond a reasonable doubt by the evidence that the defendant Henry Johnson unlawfully committed an assault and battery upon the person of James Carbon, in Porter county, Indiana, on the 16th day of August, 1884, without any intention or purpose to kill him, the said James Carbon, but thereby inflicted a wound on his person by reason of which the said Carbon died in said county, on the 24th day of August, 1884, the defendant is guilty of involuntary manslaughter. Assault and battery, as used in this instruction, may be defined as any unlawful touching, striking, biting, beating or wounding of one person by another, in a rude, insolent and angry manner."

The court refused the instruction, to which the State excepted, and thereupon the court, of its own motion, gave the following: " The defendant Henry Johnson is charged with the crime of involuntary manslaughter, which consists in the unlawful killing of a human being, without any intent to kill, in the commission of an unlawful act, but the act must be such that the known or probable effect of the same would naturally be either to produce serious bodily harm or endanger the life of the person attacked."

To this instruction exception was properly reserved, and the bill of exceptions informs us that this was all the instruction given which defined, or purported to define, the charge of involuntary manslaughter.

The appellee was found guilty of assault and battery, the jury assessing his punishment at a fine of $250 and imprisonment in the county jail for a period of ninety days. The question for decision is reserved and presented under section 1846, R. S. 1881.

Counsel for the State present as their view of the law, that if the appellee, while engaged in an unlawful assault and battery upon the person of Carbon, and without any intent to kill, or do him any serious hurt, inflicted a wound upon him which resulted in death, he is guilty of involuntary manslaughter, regardless of the character of the particular act which produced it. As against this view the court instructed that " the act must be such that the known or probable effect of it would naturally be to produce serious bodily harm or endanger the life of the person attacked."

Section 1908, R. S. 1881, defining involuntary manslaughter, provides: " Whoever unlawfully kills any human being without malice, express or implied, * * * involuntarily, but in the commission of some unlawful act, is guilty of manslaughter," etc.

Upon the subject of manslaughter it was said by a learned author: " When an involuntary killing happens in consequence of an unlawful act, it will be either murder or manslaughter, according to the nature of the act which occasioned it. If it be in prosecution of a felonious intent, or, in its consequences, naturally tended to bloodshed, it will be murder; but if no more was intended than a mere civil trespass, it will only amount to manslaughter." 4 Blacks. Comm., p. 192.

In Foster's Crown Cases, p. 259, quoting from Lord Hale, it is said: " He that voluntarily and knowingly intends hurts to the person of a man, though he intend not death, yet if death ensues, it excuseth not from the guilt of murder, or manslaughter at least; as if A. intends to beat B. but not to kill him, yet if death ensues, this is murder or manslaughter, as the circumstances of the case happen." The author, continuing, says: " If A. intendeth to beat B., in anger or from

preconceived malice, and death ensueth, it will doubtless be no excuse, that he did not intend all the mischief that followed ; for what he did was *malum in se,* and he must be answerable for the consequence of it. He certainly beat him with an intention of doing him some bodily harm, he had no other intent, he could have no other; he is therefore answerable for all the harm he did."

The unlawful act which resulted in the homicide for which the appellee was tried, was one which was *malum in se,* and, within the statutory definition, as well as the adjudged cases, where, in the commission of such an act, the death of a human being results, it is manslaughter at the least.

If an act is unlawful, and is of such a character as that the known or probable consequences of it would naturally be to produce serious bodily harm or endanger the life of the person against whom it was directed, the law would infer malice, and the crime would or might be murder. Where death unintentionally ensues from acts or means which, under the circumstances, could not have been supposed to endanger human life, or inflict great bodily injury, the law will not imply malice, and the degree of crime will be reduced from murder to manslaughter. *Commonwealth* v. *Fox,* 7 Gray, 585.

In the case of *Commonwealth* v. *McAfee,* 108 Mass. 458, where the accused struck his wife a blow upon her cheek with his open hand, and while falling to the floor she received injuries from striking against a chair, the court said : "Beating or striking a wife violently with the open hand is not one of the rights conferred on a husband by the marriage, even if the wife be drunk or insolent. The blows being illegal, the defendant was at least guilty of manslaughter."

As the unlawful act here involved was *malum in se,* we determine nothing respecting homicides resulting from the commission of unlawful acts which are *mala prohibita.* See 1 Bishop Crim. Law (7th ed.), sections 331, 332.

The instruction asked by the State contained a substantially correct statement of the law as applicable to the evi-

·dence. *Adams* v. *State,* 65 Ind. 565; *Bruner* v. *State,* 58 Ind. 159; *Willey* v. *State,* 46 Ind. 363; 1 Whart. Crim. Law (8th ·ed.), sections 315, 324, 325.

That given by the court was erroneous, in that it required ingredients not embraced in the statute, and substantially embraced elements which constitute murder.

Appeal sustained, at appellee's costs.

Filed May 26, 1885.