## THE STATE *v.* MORRISON.

[No. 20,505.   Filed November 14, 1905.]

1. APPEAL AND ERROR.—*Criminal Law.—Acquittal.—Statutes.*— Where the trial court, over the State's objection, permits the defendant in an indictment for murder to enter a plea of guilty to the charge of manslaughter, there is an "acquittal" of defendant on the charge of murder within the statute (§1915 Burns 1901, §1846 R. S. 1881) authorizing the State to appeal where defendant is acquitted.   p. 462.
2. SAME.—*Criminal Law.—Bill of Exceptions.—When Unnecessary.*—Where the record proper presents the facts necessary in the determination of an appeal by the State, a bill of exceptions is unnecessary.   p. 463.
3. CRIMINAL LAW.—*Parties.—Power of Trial Judges over Prosecution.*—The trial court has no right, over the objection of the State, to permit a defendant charged with murder to plead guilty to manslaughter, the right to enter a *nolle prosequi* being reserved to the motion of the prosecuting attorney by statute (§1742 Burns 1901, §1673 R. S. 1881).   p. 463.
4. SAME.—*Homicide.—Jury Trial.*—Where the trial judge permits a defendant in a charge of murder to enter a plea of guilty to manslaughter, although over the objection of the State, he is not compelled to submit the case to a jury to determine the penalty.   p. 464.

From Perry Circuit Court; *C. W. Cook,* Judge.

Prosecution by the State of Indiana against Thomas W. Morrison for murder. From a judgment of conviction for manslaughter, the State appeals. *Appeal sustained.*

*Charles W. Miller,* Attorney-General, *W. C. Geake, L. G. Rothschild* and *C. C. Hadley,* for the State.
*W. A. Land,* for appellee.

GILLETT, J.—Appellee was charged in the court below with murder in the first degree. A trial resulted in a verdict of murder in the second degree. Appellee filed a motion for a new trial, and his motion was sustained. The court then, over the objection and exception of the State, permitted appellee to enter a plea of guilty to the involved offense of manslaughter, and rendered judgment on the plea.

The State appeals under §§1915, 1955 Burns 1901, §§1846, 1882 R. S. 1881. Appellee, however, has interposed a motion to dismiss the appeal, and this motion presents the threshold question in the case.

By said motion our jurisdiction over this cause is challenged because there was a judgment of conviction. It is undoubtedly required that, to authorize us to pass on the law question sought to be presented, it should appear that the defendant was acquitted. It is true that there was a conviction of the lowest offense involved in the charge; but the legal effect of receiving a plea of guilty to an indictment for manslaughter and rendering the judgment on the plea thereto was to dispose of the whole case, since there was but one count, and appellee could not afterwards be convicted of murder in the first or second degree because of the commission of the same unlawful homicide. Irrespective of the question as to the correctness of the action of the lower court, it must be affirmed that it possessed jurisdiction to render the judgment that it did (*Lowery* v. *Howard* [1885], 103 Ind. 440), and as its ruling had the effect, not alone to dispose of the case, but also to bar a subsequent prosecution for murder, we are of opinion that there has been in legal effect a judgment of

acquittal of the higher offense. See *State* v. *Arnold* (1896), 144 Ind. 651; *State* v. *Johnson* (1885), 102 Ind. 247. The motion to dismiss is overruled.

Counsel for appellee contends that a bill of exceptions is required under §1915, *supra,* to present a reserved question of law. Assuming, without deciding, that this appeal is to present a reserved question of law under the third subdivision of §1955, *supra,* and that the complaint of the State is not based on a quashing or setting aside of the indictment as to the charges of murder which it contained, so as to authorize an appeal under the first subdivision of said section, we hold that, as the record proper presented the facts, a bill of exceptions was unnecessary. *State* v. *Vanderbilt* (1888), 116 Ind. 11, 9 Am. St. 820.

Taking up the question as to the propriety of the action of the court in receiving a plea of guilty to manslaughter, we have to say that we deem it clear that the course pursued was not proper. Subject to the limitation that the parties must not offend against the rules of pleading, it is a settled doctrine of the common law, as stated by Sir Frederick Pollock, "that the court is not to dictate to parties how they shall frame their case." Pollock, Expansion of the Common Law, 33. This rule applies to public prosecutions. It is for the state, acting through the instrumentalities provided by law, to determine the nature of the criminal charges that shall be brought forward, and upon a criminal charge being preferred it can be properly dismissed only by *nolle prosequi.* The record entry of the fact that the State does not care to proceed is based on the declaration of the prosecuting officer. *Commonwealth* v. *Casey* (1866), 12 Allen 214; *State, ex rel.,* v. *Primm* (1875), 61 Mo. 166; Anderson's Law Dict., title, *nolle prosequi.* But the whole matter of the respective

powers of court and prosecuting attorney in regard to the dismissing of criminal prosecutions is set at rest in this State by §1742 Burns 1901, §1673 R. S. 1881, which provides as follows: "No indictment shall be *non-prossed* or information dismissed except by order of the court on motion of the prosecuting attorney; and such motion must be in writing, and the reasons therefor must be stated in such motion and read in open court before such order is made."

As before pointed out, the effect of the action of the court in receiving a plea of guilty to the charge of manslaughter, and proceeding to judgment on the plea, operated to acquit appellee of the substantive offense charged in the indictment, as well as of murder in the second degree, and as this result was brought about by an act of sheer power on the part of the court, which involved a setting aside without trial of the charges of murder embraced in the indictment, it is evident that the spirit, if not the letter, of §1742, *supra,* was violated. We hold that the exception of the State was well taken.

It is contended by the State that as this was a capital case the court was required to submit the cause to a jury under §1890 Burns 1901, §1821 R. S. 1881. This point 4. is not well taken. Sections 1903, 1904 Burns 1901, §§1834, 1835 R. S. 1881, provide as follows: "Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto or of an attempt to commit the offense. In all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information."

In *Moon* v. *State* (1852), 3 Ind. 438, this court said: "An indictment for murder in the first degree is really an indictment for one of three distinct crimes, viz., murder in

the first, murder in the second degree, and manslaughter." The case cited was followed in *Hasenfuss* v. *State* (1901), 156 Ind. 246. If, with the consent of the prosecuting attorney, the defendant to a charge of murder is permitted to plead guilty to an indictment for manslaughter, the case is no longer capital, and therefore it is not required that a jury shall be called to assess the punishment. *People* v. *Smith* (1894), 28 N. Y. Supp. 912.

Appeal sustained on the ground first above stated.