STATE OF INDIANA *v.* GARDNER, PHROMMER.

[No. 29,073.  Filed October 13, 1954.]

558

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellant.

*Floyd R. Murray,* and *Galvin, Galvin & Leeney,* all of Hammond, for appellees.

EMMERT, J.—This is an appeal by the state from a judgment (1) setting aside a judgment dismissing an indictment against appellees for forgery of a deed, executed June 17, 1947, pursuant to a written motion by the state to dismiss said indictment, and (2) discharging appellees on their motion for discharge under §9-1403, Burns' 1942 Replacement.

Appellees contend the state has no right to appeal from a judgment discharging a defendant for want of prosecution under §§9-1402, 9-1403, 9-1404, Burns' 1942 Replacement. This court has decided prior cases when the appeal was by the state, *State* v. *Beckwith* (1947), 225 Ind. 288, 74 N. E. 2d 742; *State* v. *Mabrey* (1927), 199 Ind. 276, 157 N. E. 97; *State* v. *Kuhn* (1900), 154 Ind. 450, 57 N. E. 106, but in none of these cases was the state's right to appeal considered or decided, and hence the appeal at bar presents a question of first impression.

Forgery is a felony, and the General Assembly has limited the state's right to appeal in such cases as follows:

"Appeals to the Supreme Court, or to the Appellate Court may be taken by the state in the following cases and no other:

"First. Upon a judgment for the defendant, on quashing or setting aside an indictment or affidavit.

"Second. Upon an order of the court arresting judgment.

"Third. Upon a question reserved by the State." Section 9-2304, Burns' 1942 Replacement (Acts 1905, ch. 169, §325, p. 584).

The state contends that the first clause of the above section permits the appeal. However, when a defendant is discharged for failure to prosecute within the terms of court limited, the indictment or affidavit is not set aside. They still stand in the record the same as if the defendant had been acquitted. The indictment or affidavit may state a criminal offense with technical perfection, yet the defendant still be entitled to an absolute discharge for failure of the state to prosecute as required by the statute. Nor is a discharge an arresting of judgment.

The following section must be construed with the third clause to determine when a question is "reserved by the state." Section 9-2306, Burns' 1942 Replacement (Acts 1905, ch. 169, §326, p. 584), provides as follows:

"In case of an appeal from a question reserved on the part of the state, it shall not be necessary for the clerk of the court to certify in the transcript any part of the proceedings and record except the pleadings, the bill of exceptions and the judgment of acquittal. When the question reserved is defectively stated, the Supreme Court, or the Appellate Court, may direct any part of the proceedings and record to be certified to such court."

From this latter section it is apparent that for the state to appeal on a reserved question there must be a judgment of acquittal. When a defendant is discharged for failure to prosecute within the terms of court limited, there is no judgment of acquittal, which is a finding or verdict of not guilty. The defendant, when he obtains a discharge for failure to prosecute, obtains no verdict or finding he is not guilty, and he is entitled to the discharge regardless of his guilt. Obviously when a motion for discharge is filed the court could and should take judicial notice of its own record in the case, for courts can only act by their records, and the order book entries are the best evidence and the only final evidence as to the acts done by the court. See *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203. Under §9-2306, Burns', *supra,* all the material and relevant order book entries are not required, and it is quite apparent that an appeal "Upon a question reserved by the state" was not intended to include an appeal from an order discharging a defendant for failure to prosecute within the terms limited by the statute.

The General Assembly has seen fit to limit strictly the right of appeal by the state. We are not permitted to narrow the general rule nor create exceptions thereto as set forth in §9-2304. If the state is to have the right of appeal from a judgment discharging the defendant for failure to prosecute in the terms of court limited by the statute, the Legislature will have to enact such statute.

The appeal is dismissed.

Flanagan, C. J., Gilkison, Bobbitt and Draper, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 77.