STATE OF INDIANA *v.* HUEBNER, GARDNER.

[Nos. 29,167, 29,168.   Filed October 20, 1954.]

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellant.

*Galvin, Galvin & Leeney,* of Hammond, for appellee, Gardner.

*Albert H. Gavit,* of Gary, for appellee, Heubner.

BOBBITT, J.—These cases, which are appeals from the Porter Circuit Court, where separate indictments for perjury were pending against each of the appellees, have been consolidated for briefing in this court.

The sole error assigned is that the trial court erred in discharging each of the defendants-appellees under the provisions of Acts 1905, ch. 169, §220, p. 584, being §9-1403, Burns' 1942 Replacement.

Appellees assert that the state has no right of appeal from a judgment of the trial court discharging a defendant who has been held without trial for a period embracing more than three terms of court, under the conditions as set forth in said §9-1403, *supra*.

The right of the state to appeal in any criminal action is statutory and, unless there is a specific grant of authority by the legislature, the state cannot appeal. The statute authorizing appeals by the state (Acts 1905, ch. 169, §325, p. 584, being §9-2304, Burns' 1942 Replacement) is as follows:

"Appeals to the Supreme Court, or to the Appellate Court may be taken by the state in the following cases and no other:

"First. Upon a judgment for the defendant, on quashing or setting aside an indictment or affidavit.

"Second. Upon an order of the court arresting judgment.

"Third. Upon a question reserved by the state."

In criminal matters the state is authorized to appeal in the three cases set out in the statute (§9-2304, *supra*), and no other. *State* v. *Hunt* (1894), 137 Ind. 537, 540, 37 N. E. 409.

Appellant asserts that the judgments herein come within the class of cases covered by the provisions of the first and third classes of cases designated by the statute.

The judgments here assailed, while they are for the defendants-appellees, yet they are not judgments on quashing or setting aside an indictment or affidavit, nor are they orders arresting judgment. Neither do they fall within the third class of cases where the state may appeal. *State* v. *Gardner, Phrommer* (1954), 233 Ind. 557, 122 N. E. 2d 77.

The judgments here stem from the violation of certain statutory prohibitions and requirements which were enacted in aid of Article I, §12 of the Indiana Constitution. This statute (§9-1403, *supra*) fixes a maximum limit upon the delay by the state, of the trial of persons held by recognizance to answer an indictment or affidavit. When the state, through no fault of the defendant, delays the trial beyond this limit, it forfeits the right to try the defendant on the charge under which he has been held. The discharge of the appellees herein does not determine their guilt or innocence, but merely prohibits the state from trying them on the charge under which they were being held. While the effect of such discharge is the same as an acquittal, yet it is not tantamount to an acquittal based upon a finding of not guilty. It is, in fact, a dismissal by statutory bar to further prosecution. The orders discharging appellees clearly do not fall within the class of cases in which the state is authorized to appeal by the provisions of §9-2304, *supra*.

The question here presented was recently decided adversely to appellant in *State* v. *Gardner, Phrommer* (1954), 233 Ind. 557, 122 N. E. 2d 77, *supra*, and upon the authority of that case, and for the reasons above stated herein, the appeals must be dismissed.

The appeals in Cause No. 29,167, and in Cause No. 29,168 are dismissed.

Flanagan, C. J., Draper, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 88.