STATE OF INDIANA v. EDWARD RUSSELL SIERP.

[No. 570S111. Filed February 7, 1973. Rehearing denied March 30, 1973.]

*Theodore L. Sendak,* Attorney General, *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellant.

*Curtis M. Jacobs, Cooper, Cooper, Cooper, Cox & Jacobs,* of Madison, *Phillips B. Johnson, Johnson & Eaton,* of Versailles, for appellee.

PRENTICE, J.—This is an attempted appeal by the State (Appellant) of a reserved question of law under the authority of the Acts of 1905, ch. 169, § 325 as amended by Acts of 1955, ch. 315, § 1; 1956 Repl. Burns Ind. Stat. Ann. § 9-2304; IC 1971, 35-1-47-2, which provides:

"Appeals to the Snpreme Court may be taken by the state in the following cases:
* * *
Fourth. Upon a question reserved by the state."

The defendant (appellee has challenged our jurisdiction and asked that the appeal be dismissed.

Defendant was charged with second degree murder. During the course of the trial the defendant moved for a mistrial and discharge with prejudice for misconduct of counsel, which motion was sustained. Thereafter the state moved the trial court to set the cause for trial, which motion was never ruled upon. Subsequently, the state moved the trial court to vacate its judgment discharging the defendant and to set the cause for trial. Neither was this motion ruled upon. Ultimately, the state filed its motion to correct errors, charging that the court was without authority to discharge the defendant. The question which the state seeks to have determined therefore is

whether or not the trial court may discharge a defendant with prejudice, i.e., with sanctions against having him retried, by reason of misconduct of the prosecuting attorney. We cannot meet this issue in these proceedings.

The right of the state to appeal is limited to the instances provided by the aforementioned statute (Burns § 9-2304). *State* v. *Gardner, Phrommer* (1954), 233 Ind. 557, 122 N. E. 2d 77; *State* v. *Huebner, Gardner* (1954), 233 Ind. 566, 122 N. E. 2d 88; *State* v. *Rockwood* (1902), 159 Ind. 94, 64 N. E. 592.

As a condition to an appeal by the state upon a reserved question of law, there must have been an acquittal of the defendant. *State* v. *Morrison* (1905), 165 Ind. 461, 75 N. E. 968; *State* v. *Gardner, Phrommer, supra;* *State* v. *Huebner, Gardner, supra;* Acts of 1905, ch. 169, § 326, 1956 Repl. Burns Ind. Stat. Ann. § 9-2306, IC 1971, 35-1-47-3.

Without regard to whether or not the trial judge had the authority to discharge the defendant with prejudice, such action, nevertheless, is not an acquittal within the meaning of the statute. Although the discharge, if valid, operates as a bar to further prosecution, we believe the intent of the Legislature was to require an acquittal based upon a finding of not guilty. This is the ordinary and usual concept of the term acquittal, and we are supported in this view by our holding in *State* v. *Huebner, Gardner, supra,* where we said "While the effect of such discharge is the same as an acquittal, yet it is not tantamount to an acquittal based upon a finding of not guilty. It is, in fact, a dismissal by statutory bar to further prosecution."

Speaking of appeals of reserved questions by the state, this Court said, in *State* v. *Bartlett* (1857), 9 Ind. 569: "In an unusual proceeding like this, in contravention of common-law principles, the state will be held to great strictness. She can only bring a reserved question here by a substantial compliance with the statute."

The state vigorously disputes that we are without jurisdiction to determine this appeal, contending that our jurisdiction to hear appeals is not dependent upon legislative authorization. In this regard, it appears that both parties hereto have failed to distinguish between the authority of this Court to hear appeals and that of the state to prosecute them. True, the right of this Court to hear appeals is not dependent upon legislative enactment. *Bozovichar* v. *State* (1951), 230 Ind. 358, 103 N. E. 2d 680; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. But, as we have hereinbefore demonstrated, the right of the state to prosecute criminal appeals is so dependent.

> "Generally speaking, under the common law as understood and administered in this country, the state or United States had no right to an appeal or writ of error in criminal cases. It is apprehended that the reason for such a policy was built on the idea that, when the state in its sovereign capacity brought a citizen into its own tribunals, before its own officers, and in obedience to its own processes, and lost, its avenging hand should be stayed except in unusual cases where the power to appeal was expressly conferred." 92 A. L. R. 1137.

In 1955 the legislation which authorized the state to appeal in certain criminal cases was amended to add an additional ground, i.e., from an order or judgment for the defendant upon his motion for discharge because of delay, etc. (1956 Repl. Burns Ind. Stat. Ann. § 9-2304). The prior enactment provided "Appeals to the Supreme Court, or to the Appellate Court may be taken by the state in the following causes *and no other:*". The state urges that the omission of the words "and no other" from the 1955 enactment changed the statute from one that was restrictive in character to one that is directory only. But we do not agree that the earlier statute was restrictive. It having been determined that the state's right to appeal is statutory only, it follows that the statutes are enabling or authorizing. The words "and no other," therefore were meaningless, and the

omission of such surplusage was only logical and inferred nothing.

This appeal is dismissed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 292 N. E. 2d 245.