STATE OF INDIANA *v.* RICHARD EAKINS.

[No. 1-1075A181. Filed June 16, 1976.]

*Theodore L. Sendak,* Attorney General, *John D. Shuman,* Deputy Attorney General, for appellant.

*Anthony C. Guido, Guido & Stewart,* of Danville, for appellee.

ROBERTSON, C.J.—This is an attempted appeal by the State

of a reserved question of law under the authority of IC 1971, 35-1-47-2 (Burns Code Ed.). Defendant-appellee Eakins has challenged our jurisdiction and asked that the appeal be dismissed.

Eakins was charged in the Hendricks Circuit Court with the offense of escape from lawful detention. On April 10, 1975, Eakins entered a plea of not guilty, and the case was set for trial by jury to commence on May 5, 1975. Shortly before the trial date, on May 2, 1975, the trial court granted Eakins' motion to withdraw his plea of not guilty. Eakins then entered his plea of guilty as charged to the felony of escape from lawful detention. The court found Eakins guilty as charged and sentenced him to the Indiana State Farm for a period of 329 days with credit given for 55 days of jail time served.

The State asserts upon appeal that Eakins' guilty plea was the result of improper plea bargaining between Eakins and the trial court. However, we may not meet this issue in these proceedings.

The right of the State to appeal from criminal proceedings is limited to instances provided by statute. IC 1971, 35-1-47-2, (Burns Code Ed.) ; *State* v. *Sierp* (1973), 260 Ind. 57, 292 N.E.2d 245; *State* v. *Gardner, Phrommer* (1954), 233 Ind. 557, 122 N.E.2d 77; *State* v. *Huebner, Gardner* (1954), 233 Ind. 566, 122 N.E.2d 88; *State* v. *Rockwood* (1902), 159 Ind. 94, 64 N.E. 592. As a condition to an appeal by the State upon a reserved question of law, there must have been an acquittal of the defendant based upon a finding of not guilty. *State* v. *Sierp, supra.* Such is not the case here since judgment was entered upon Eakins' guilty plea.

The State relies upon *State* v. *Morrison* (1905), 165 Ind. 461, 75 N.E. 968, and argues that we should regard Eakins' judgment as one of acquittal. In *Morrison*, the defendant was allowed to plead guilty to a lesser offense than was charged in the indictment. The court held that since the legal effect was a judgment of acquittal on the

higher offense, the State could appeal. In the present case, however, Eakins pleaded guilty to the same offense with which he was formally charged. Thus, the *Morrison* decision is inapplicable to the present facts.

This appeal dismissed for lack of jurisdiction.

Lybrook, J., concurs; Hoffman, J., participating by designation, concurs.

NOTE.—Reported at 348 N.E.2d 681.