STATE OF INDIANA *v.* CARRIE BUCKLEY

[No. 2-1277A471. Filed March 6, 1978.]

*Theodore L. Sendak*, Attorney General of Indiana, *Victoria R. Duren*, Deputy Attorney General, for appellant.

PER CURIAM: (Before Sullivan, P.J., Buchanan, J. and White, J.) — This matter is before us upon the State's Verified Petition for Order to Remand to Trial Court. It is the State's position that following conviction and sentencing of Buckley, the trial court erred in failing to specify its reasons for granting Buckley a new trial. The State asserts that Ind. Rules of Procedure, Trial Rule 59(E) so requires. The State has requested that we remand the cause, presumably with instructions to the trial court to certify its reasons

for granting the new trial, or that in the alternative, we grant additional time to the State for the filing of an Appellant's brief in the purported appeal from the order granting Buckley the new trial.

Our resolution of a threshold issue precludes a ruling upon the State's petition and dictates dismissal of this purported appeal.

Ind. Rules of Procedure, Appellate Rule 4(A) states that appeals "may be taken *by either party* from all final judgments of . . . *Criminal* . . . Courts. A ruling or order by the trial court *granting* . . . a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom." (Emphasis supplied) This language would appear to permit the State to appeal a trial court's ruling which grants a criminal defendant a new trial. Such interpretation is not warranted.

The language above-quoted was fully effective as of January 1, 1972. Subsequently, our Supreme Court in *State v. Sierp* (1973), 260 Ind. 57, 292 N.E.2d 245 clearly and specifically held that the State may take a criminal appeal *only* in instances provided under IC 35-1-47-2 (Burns Code Ed. 1975) (formerly Burns § 9-2304). The Court there noted a distinction between the authority and jurisdiction of an appellate court to entertain an appeal (as apparently covered by AP. 4) and the power or authority of the State to take an appeal.

The statute deemed controlling by the Court in *State v. Sierp, supra,* does not provide for an appeal by the State from the granting of a new trial.[1] See also, *State v. Eakins* (1976), 169 Ind. App. 390, 348 N.E.2d 681.

Accordingly, the purported appeal is hereby dismissed.

NOTE—Reported at 372 N.E.2d 1241.

---

1. Even were we to disregard the distinction between jurisdiction and the standing of a party to prosecute an appeal, the legislative pronouncement in IC 35-1-47-2, *supra,* as judicially construed, might well take precedence over an inconsistent Rule of Court because the matter concerned in the statute is of substance rather than procedure. See *Square D Co. v. O'Neal* (1947), 225 Ind. 49, 72 N.E.2d 654; In Re *Northwestern Indiana Telephone Co.* (1930), 201 Ind. 667, 171 N.E.2d 65 at 71.