**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Harry Fred PALMER, III, Appellee (Defendant Below).**

No. 778S140.

Supreme Court of Indiana.

March 22, 1979.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Dep. Atty. Gen., Indianapolis, for appellant.

Harriette Bailey Conn, Public Defender, David P. Freund, Marcia L. Dumond, Deputy Public Defenders, Indianapolis, for appellee.

PIVARNIK, Justice.

This is an appeal by the State of Indiana from a criminal cause in which a state statute, Ind.Code § 35–7–1–1 (Burns 1975), was declared unconstitutional by the Elkhart Superior Court. The facts are not in dispute.

Defendant, Harry Fred Palmer III, was charged by way of information with first degree burglary in Elkhart County on September 12, 1977. The cause went through routine pleading stages and finally on January 16, 1978, the defendant withdrew a plea of not guilty and entered a plea of guilty to the charge of first degree burglary. A pre-sentence investigation report was filed with the trial court by the probation office on February 8, 1978, and defendant was sentenced by the court on February 13, 1978. In his judgment, the trial court found the defendant guilty of first degree burglary, entered a judgment of conviction against him for said offense and sentenced him to the custody and control of the Department of Corrections of the State of Indiana for not less than ten nor more than twenty years, and further ordered that he be disfranchised and rendered incapable of holding any office of trust or profit during the term of such incarceration. Following said sentencing, the defendant requested consideration of probation notwithstanding the clear directive of Ind.Code § 35–7–1–1 (Burns 1975), which states:

"The several circuit and criminal courts and the city and municipal courts in the

cities of the first and second class of this state, shall have power, in any case where any person shall have been convicted of a felony or misdemeanor, or shall have entered his plea of guilty to a charge of a felony or misdemeanor, upon the entry of judgment of conviction of such person, to suspend such sentence and parole such person, by an order of such court, duly entered of record as part of the judgment of the court in such case, except the crimes of murder, arson, first degree burglary, rape, treason, kidnapping, and a second conviction for robbery . . . ."

After arguments by counsel and much discussion by the Court, the trial judge determined that even though the statute provides that the sentence shall not be suspendable for this crime, he would nevertheless suspend Palmer's sentence because he felt the statute was unconstitutional. The trial court accordingly made the finding that the interest of society did not demand that the defendant suffer the full penalty imposed by law in this case and provided that he serve 205 days under the jurisdiction of the Department of Corrections, receive credit for any time already served and that afterward he be released on probation for a period of five years under conditions to be established by the Probation Department.

It is the State's contention that because the Legislature had provided that the sentence for this crime was not suspendable, it was therefore mandatory that the trial judge fix the sentence provided by statute. The State further alleges that, in any event, the statute is not unconstitutional and the court erred in finding that it was.

Defendant contends that the statute is unconstitutional, and further, that the State has no authority to appeal this cause to the Supreme Court and that therefore this Court has no jurisdiction to consider the issue.

Pursuant to our own Ind.R.Ap.P. 4(A)(8) this Court has exclusive jurisdiction over cases wherein a state statute has been declared unconstitutional. Defendant Palmer concedes this but contends that the Court's jurisdiction is not properly invoked under this rule unless the issue is presented in an appealable case. Ind.Code § 35–1–47–2 (Burns 1979) sets out the instances when the State may appeal in a criminal cause as follows:

"Appeals to the Supreme Court may be taken by the state in the following cases:

"First. From a judgment for the defendant, on quashing or setting aside an indictment or information, or sustaining a plea in abatement.

"Second. From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

"Third. From a judgment of the court arresting judgment.

"Fourth. Upon a question reserved by the state."

Defendant Palmer contends that since he was not acquitted then there is no provision under this statute giving the State the right to appeal. It has long been established that under the provisions of this statute, a state can appeal an error of the Court on a reserved question only if the defendant is acquitted. *State v. Sierp,* (1973) 260 Ind. 57, 292 N.E.2d 245; *State v. Arnold,* (1895) 144 Ind. 651, 42 N.E. 1095; *State v. Buckley,* (1978) Ind.App., 372 N.E.2d 1241. In *Sierp,* we provided as follows:

"The State vigorously disputes that we are without jurisdiction to determine this appeal, contending that our jurisdiction to hear appeals is not dependent upon legislative authorization. In this regard, it appears that both parties hereto have failed to distinguish between the authority of this Court to hear appeals and that of the state to prosecute them. True, the right of this Court to hear appeals is not dependent upon legislative enactment. *Bozovichar v. State,* (1951) 230 Ind. 358, 103 N.E.2d 680; *Warren v. Indiana Telephone Co.,* (1940) 217 Ind. 93, 26 N.E.2d 399. But, as we have heretofore demonstrated, the right of the State to prosecute criminal appeals is so dependent."

*Sierp, supra,* at 260 Ind. 60, 292 N.E.2d 246.

■ It is the contention of the State, however, that this is not a situation contemplated by the above statute as the trial court is not charged here with having committed normally appealable error. Here, after entering judgment against the defendant and fixing the sentence provided for in the statute, the trial judge admittedly acted directly in conflict with said statute and changed the judgment by reducing the sentence in a manner which the statute forbade. His reasons for doing this were apparently that he felt the statute unconstitutionally restricted trial court discretion in sentencing thus constituting cruel and unusual punishment in violation of U.S.Const., Amend. 8, and Ind.Const., Art. I § 16. In denying the state's Motion to Correct Errors, he expressly stated that the statute was constitutionally infirm.

To hold that this Court has no jurisdiction to act under these circumstances would appear to us to give meaning to the law, and to our pronouncements, that were never meant to be and that would tend to elevate form over substance in interpreting our law. It is the duty and jurisdiction of this Court to determine the constitutionality of the laws of this State. For the law to be universally administered, it is necessary for this authority to rest in but one place. This is the purpose, of course, of Appellate Rule 4(A)(8). Obviously, if this were not so, constitutional interpretation could vary from one judicial circuit to another throughout the State. We have accordingly issued writs of mandamus when original actions were filed which showed that the trial court failed or refused to act in the manner required of it by the law. In *Ware v. State,* (1963) 243 Ind. 639, 189 N.E.2d 704, we held that a writ of mandate will lie against the respondent judge who failed to follow the statute by requiring and receiving a pre-commitment report by a probation officer before imposing sentence. And again in 1963, we held that a trial judge could properly be required, by writ of mandamus, to state his reason for suspending sentence

and granting a parole according to the express provisions of the statutes before he took such action. *Palmer v. The Circuit Court of Hendricks County,* (1963) 244 Ind. 297, 192 N.E.2d 625. The trial court was accordingly ordered to vacate that part of his order which suspended the defendant from serving his sentence as the statute required and ordering him to reinstate the order of commitment. *See also State v. Arnold, supra.* Finally, in *State ex rel. Kelley v. Marion County Criminal Court, Division Three,* (1978) Ind., 378 N.E.2d 833, we issued a permanent writ against the trial judge ordering him to strike his decision granting a defendant a new trial, *sua sponte,* when the same was done after the time allowed for by law under Ind.R.Tr.P. 59(C).

It is true that this is not an application for a writ but is presented to us on a direct appeal by the State. If this question were raised in an original action filed by the State, we certainly would have authority to hear it and, on authority of the cases above cited and the law as it is established, would, of course, issue the writ. We have the same jurisdiction and authority to do, in the case of an appeal, that which we may do in a case raised by original action. We therefore proceed to the merits of the State's appeal.

■ The legislature has the authority to provide which acts shall be crimes in our society and to provide penalties therefor. It is, therefore, within their jurisdiction to provide for the length of sentences for offenses and to regulate the power of courts to grant or deny probation as they see fit. We have accordingly found that the granting of probation is a privilege governed exclusively by statute and one which confers no right upon any defendant. For example:

> "The granting of probation to a defendant, who is found guilty of a crime is wholly discretionary power of the trial court. . . . Probation is purely a favor granted by the trial judge and there is no right to probation."

**950**

*Farmer v. State,* (1971) 257 Ind. 511, 515, 275 N.E.2d 783, 785–86. *See also, Hoffa v. State,* (1977) Ind., 368 N.E.2d 250. Insofar as Ind.Code § 35–7–1–1 (Burns 1975) restricts courts' discretion in suspending sentences for certain offenses, it is constitutional. *Cf. Bradley v. United States,* (1973) 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528; *United States v. Del Toro,* (5th Cir. 1970) 426 F.2d 181, *cert. denied,* 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 60; *Sperling v. Willingham,* (7th Cir. 1965) 353 F.2d 6, *cert. denied,* 384 U.S. 962, 86 S.Ct. 1591, 16 L.Ed.2d 675.

The new penal code which changed the penalties and the provisions for probation for first degree burglary, went into effect on October 1, 1977, after the commission of the burglary by the defendant for which he was charged and herein convicted. The penalties and provisions for probation under the old law, in effect at that time, were applicable to this cause and not the new sentences and probationary provisions that were provided for at an effective date subsequent to the commission of the act, but prior to sentencing. *Holsclaw v. State,* (1979) Ind., 384 N.E.2d 1026; *Watford v. State,* (1979) Ind., 384 N.E.2d 1030; *Rogers v. State,* (1979) Ind., 383 N.E.2d 1035; *Beasley v. State,* (1977) Ind., 370 N.E.2d 360; *State v. Turner,* (1978) Ind.App., 383 N.E.2d 428.

We accordingly hold that the trial court had no authority to enter an order suspending Palmer's sentence and was limited to sentencing the defendant under the provisions of the old code which were applicable at that time. The cause is accordingly remanded to the trial court with instructions to modify its judgment consistent with this opinion.

All Justices concur.