STATE of Indiana, Appellant
(Plaintiff below),

v.

Michael Leon HOLLAND, Appellee
(Defendant below).

No. 779S203.

Supreme Court of Indiana.

May 1, 1980.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Sharon Carroll Clark, Gregg & Clark, Anderson, for appellee.

HUNTER, Justice.

This is an attempted appeal by the state from the dismissal, with prejudice, of Count III in the prosecution of defendant, Michael Leon Holland. As authority for this action the state relies upon Ind.Code § 35–1–47–2 (Burns 1979 Repl.) which provides in part:

"Appeals to the Supreme Court must be taken by the state in the following cases:

"First. From a judgment for the defendant, on quashing or setting aside an indictment or information, or sustaining a plea in abatement."

Defendant was convicted by a jury of Count I, attempted murder, Ind.Code §§ 35–41–5–1 and 35–42–1–1 (Burns 1979 Repl.), and Count II, kidnapping, a class A felony, Ind.Code § 35–42–3–2, on March 8, 1979. On the following day, trial commenced on Count III, in which the state sought to have defendant sentenced as an

habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.). In the Count III information, the state alleged that defendant had been convicted of two prior felonies. At trial, the state offered two exhibits consisting of certified court documents purporting to show that defendant had two prior unrelated felony convictions in Kentucky. Defendant, by counsel, objected to the admission of Exhibit B on the grounds that the exhibit did not include a copy of the charging instrument. The trial court sustained this objection, although the ruling was couched in terms of sustaining a motion to suppress. After the court sustained the objection to Exhibit B, the state had only one prior felony conviction in evidence. The court then dismissed Count III with prejudice.

The state appeals the trial court's ruling on defendant's objection to Exhibit B. We cannot reach that issue.

■ The right of the state to appeal is statutory and limited to those instances provided by Ind.Code. § 35–1–47–2 (Burns 1979 Repl.). *State v. Sierp,* (1973) 260 Ind. 57, 292 N.E.2d 245.

■ Anxious to bring defendant back to trial on the habitual offender allegations, the state has proceeded under the above-quoted portion of Ind.Code § 35–1–47–2. The state contends that the trial court's action constitutes a setting aside of the habitual offender information. We do not agree.

Prior to trial defendant did file a motion to dismiss the habitual offender information challenging the constitutionality of Ind.Code § 35–50–2–8 (Burns 1979 Repl.). However, the trial court denied that motion. The dismissal with prejudice was not a finding that the information under Ind. Code § 35–50–2–8(a) was somehow insufficient. Rather, the court *sua sponte* found that, having successfully introduced evidence of only one prior felony conviction, the state could not possibly meet its burden of proving beyond a reasonable doubt that defendant had accumulated two prior unrelated felony convictions. Ind.Code § 35–50–2–8(d). There being no quashing or setting aside of the information in the case at bar, the state's reliance on Ind.Code § 35–1–47–2 "First" (Burns 1979 Repl.) as authority for its appeal is misplaced.

■ At trial, the prosecuting attorney indicated he wanted to reserve the question of whether a copy of the charge is necessary in order to prove a prior unrelated felony conviction. The state did not, however, appeal under the reserved question part of the appeal statute. Ind.Code § 35–1–47–2 "Fourth" (Burns 1979 Repl.). It is doubtful that the state could appeal this issue as a reserved question because we have held that an acquittal of the defendant is a condition to an appeal by the state. *State v. Morrison,* (1905) 165 Ind. 461, 75 N.E. 968. A "discharge with prejudice" is not an acquittal for purposes of construing this statute. *State v. Sierp, supra.*

■ The state's statutory right of appeal is in contravention of common law principles and will, therefore, be strictly construed. *State v. Bartlett,* (1857) 9 Ind. 569. The only legislative response to judicial interpretation of this statute came after this Court held that the state had no right to appeal a discharge for the state's delay in trial. *State v. Huebner, Gardner* (1954) 233 Ind. 566, 122 N.E.2d 88; *State v. Gardner, Phrommer,* (1954) 233 Ind. 557, 122 N.E.2d 77. In 1955, the legislature amended the appeals statute to add a right of appeal where a defendant has been discharged because of delay of his trial. Acts 1955, ch. 315, § 1, p. 968; Burns Ind.Stat.Ann. § 9–2304 "Second" (1956 Repl.); Ind.Code § 35–1–47–2 "Second" (Burns 1979 Repl.). The judicial determination that the legislature intended to require an acquittal based upon a finding of not guilty has been left undisturbed by the legislature since 1905.

There has been no legislative response to the ruling in *State v. Sierp, supra,* regarding discharges with prejudice. The state made no objection to the trial court's characterization of the disposition of the habitual offender information as a dismissal with prejudice in the case at bar. We find no statutory authority for the state's attempted appeal in this case.

We have expanded the state's right of appeal in only one instance. That case involved actions by a trial judge directly in conflict with a statute which the judge deemed unconstitutional. *State v. Palmer*, (1979) Ind., 386 N.E.2d 946. The *Palmer* decision was based on the necessity that the authority for determining the constitutionality of our state's statutes rests with this Court, subject, of course; to review by the United States Supreme Court. However, we find no such compelling reason to expand the state's right of appeal in this case.

For the foregoing reasons, this appeal should be dismissed.

Appeal dismissed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.