**STATE of Indiana, Appellant,**

v.

**Patricia LESLIE, Appellee.**

No. 3–580A141.

Court of Appeals of Indiana, Third District.

July 7, 1980.

Rehearing Denied Aug. 25, 1980.

Arnold H. Duemling, Pros. Atty., Fort Wayne, for appellant.

Donald C. Swanson, Jr., Fort Wayne, for appellee.

GARRARD, Presiding Judge.

The state has initiated this proceeding as an interlocutory appeal pursuant to Indiana Rules of Procedure, Appellate Rule 4(B)(5) to contest the trial court's action in granting the defendant's pretrial motion to suppress certain evidence and motion for order *in limine*.

Because of the implications of Criminal Rule 4 and the accused's right to speedy trial in this, as well as other prosecutions throughout the state where a motion to suppress has been sustained, we have determined our decision should be by published opinion.

The question presented is whether the state is empowered to bring such an interlocutory appeal. We hold that it is not.

As Justice Hunter recently reiterated for a unanimous Supreme Court, the

right of the state to appeal in a criminal case is statutory and limited to those instances provided by IC 35–1–47–2. *State v. Holland* (1980), Ind., 403 N.E.2d 832. It "is in contravention of common law principles and will, therefore, be strictly construed." 403 N.E.2d at 833. *See also State v. Sierp* (1973), 260 Ind. 57, 292 N.E.2d 245; *State v. Buckley* (1978), Ind.App., 372 N.E.2d 1241; *State v. Eakins* (1976), Ind.App., 348 N.E.2d 681.

The statute provides,

"Appeals to the Supreme Court may be taken by the state in the following cases:

First. From a judgment for the defendant, on quashing or setting aside an indictment or information, or sustaining a plea in abatement.

Second. From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

Third. From a judgment of the court arresting judgment.

Fourth. Upon a question reserved by the state."

Clearly, the state's attempted appeal is not within the purview of the first three instances enumerated in the statute.

The fourth—reserved questions of law—has been historically held to require that the defendant have been acquitted upon a finding of not guilty as a precondition to its invocation. *State v. Sierp, supra; State v. Eakins, supra.*[1] The only decision we have found which departs from the requirement of an acquittal is that of *State v. Palmer* (1979), Ind., 386 N.E.2d 946, and both in the text of the opinion and again in *State v. Holland*, 403 N.E.2d at 834, the court limit-

ed *Palmer's* application to an instance where the trial court was declaring a statute unconstitutional. *Cf. State v. Dusch* (1972), 259 Ind. 507, 289 N.E.2d 515; *State v. Cooley* (1974), 162 Ind.App. 482, 319 N.E.2d 868 where the state appealed adverse rulings on motions to suppress after the defendant was acquitted.

We therefore conclude that the statutory authorization for the state to appeal in criminal cases does not permit an interlocutory appeal by the state from an adverse ruling upon a pretrial motion to suppress evidence or motion *in limine.*

This appeal is, therefore, dismissed.

HOFFMAN and STATON, JJ., concur.

---

**1.** One commentator has queried whether the repeal of IC 35–1–43–2 in 1977 might not alter the impact of these prior cases. See West's Annotated Indiana Code, 35–1–47–2, p. 143. However, the Supreme Court in both *Sierp* and *State v. Gardner* (1954), 233 Ind. 557, 122 N.E.2d 77, found the condition to have been imposed by IC 35–1–47–3 which states,

"In case of an appeal from a question reserved on the part of the state, it shall not be necessary for the clerk of the court to certify in the transcript any part of the proceedings and record except the pleadings, the bill of exceptions *and the judgment of acquittal.* When the question reserved is defectively stated, the Supreme Court, or the Appellate Court, may direct any part of the proceedings and record to be certified to such court." (Our emphasis)

Thus, the statutory backdrop remains viable.