Torrence TILLMAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 780S193.

Supreme Court of Indiana.

Oct. 15, 1981.

Lloyd B. Fisher, Gary, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant), following a trial by jury, was convicted of Burglary, Ind. Code § 35–43–2–1 (Burns 1979), and Armed Rape, Ind.Code § 35–42–4–1 (Burns 1979). This direct appeal presents the following issues:

(1) Whether the evidence was sufficient to support the verdicts.

(2) Whether the verdicts of the jury are inconsistent.

The evidence, viewed in a light most favorable to the State, revealed that on June 29, 1978, Defendant entered the victim's home and attacked her with a knife from the kitchen shortly after she had gone to bed.

\* \* \*

## ISSUE I

Under two separate issues, Defendant challenges the sufficiency of the evidence. He points out alleged inconsistencies in the victim's statements with respect to her description of her assailant and with respect to what she had done prior to going to bed on the night of the attack both as related by her to the police and as testified to by her at the juvenile waiver hearing and at trial. He also notes that the victim had identified a photograph of someone other than himself as depicting her assailant.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all rea-

sonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. (citation omitted). In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses. (citation omitted)." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The uncorroborated testimony of the victim is sufficient to sustain a Rape conviction. *Geisleman v. State,* (1980) Ind., 410 N.E.2d 1293, 1295. Defendant's contentions challenge the weight of the evidence and in effect ask us to discredit the victim. *Haskett v. State,* (1979) Ind., 395 N.E.2d 229, 231. The victim unequivocally identified Defendant as the man who entered her home without her permission and thereafter used a knife to compel her to engage in vaginal and anal intercourse. The evidence is sufficient to support the convictions.

### ISSUE II

The information charged Defendant with a third count, Criminal Deviate Conduct, Ind.Code § 35–42–4–2 (Burns 1979), upon which the jury returned a verdict of not guilty. Defendant contends that this verdict is inconsistent with the verdict of guilty rendered upon the Rape charge.

His contention is without merit. In Indiana, jury verdicts do not have to be consistent in cases where one criminal transaction gives rise to criminal liability for separate and distinct offenses. *Hicks v. State,* (1981) Ind., 426 N.E.2d 411. While the jury might have found from the evidence that Defendant committed criminal deviate conduct, it was not required to do so.

The trial court imposed a sentence of thirty (30) years imprisonment upon the Rape conviction and did not impose any sentence upon the Burglary conviction. In its brief the State contends that the trial

court erred in not sentencing Defendant upon both charges. The State, however, has made no claim of any action on its part which would have brought this asserted error to the attention of the trial court. *Russell v. State,* (1979) Ind.App., 395 N.E.2d 791, 794. Such action is a prerequisite to taking an appeal, Ind.R.App.P. 4(A), or to the State's seeking a writ of mandamus, which is the proper remedy for the State to use to challenge alleged sentencing errors. *Russell v. State, supra.*[1]

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.

---

1. We note that this case is not governed by *State v. Palmer,* (1979) Ind., 386 N.E.2d 946, where our jurisdiction rested solely upon the trial court's having declared a sentencing statute unconstitutional. *State v. Holland,* (1980) Ind., 403 N.E.2d 832, 834; *State v. Leslie,* (1980) Ind.App., 406 N.E.2d 1194, 1195.