STATE of Indiana, Appellant
(Plaintiff below),

v.

Billy Joe HARNER, Appellee
(Defendant below).

No. 782S258.

Supreme Court of Indiana.

July 18, 1983.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

HUNTER, Justice.

This is an appeal by the state on a reserved question of law pursuant to Ind.Code § 35–1–47–2(4) (Burns 1982 Supp.). The defendant was acquitted of murder by a jury on December 22, 1981. The state now asks us to review the following two issues: whether the court erred in refusing to give two of the state's tendered instructions on lesser included offenses; and whether the defendant may be retried.

There are several well-settled principles which govern this case. The right of the state to appeal from criminal proceedings is strictly limited to authorization by statute. *State v. Nichols,* (1980) Ind., 412 N.E.2d 756; *State v. Holland,* (1980) Ind., 403 N.E.2d 832; *State v. Harris,* (1982) Ind.App., 433 N.E.2d 399. As a condition to an appeal based upon a reserved question of law, there must have been an acquittal of the defendant. Ind.Code § 35–1–47–2(4); *State v. Sierp,* (1973) 260 Ind. 57, 292 N.E.2d 245; *State v. Huebner, Gardner,* (1954) 233 Ind. 566, 122 N.E.2d 88; *State v. Eakins,* (1976) 169 Ind.App. 390, 348 N.E.2d 681. The purpose of the statute permitting appeals on questions reserved by the state is to obtain from this Court opinions of law which shall declare a rule for the guidance of lower courts on questions likely again to arise in the trial of criminal prosecutions. This Court does not review

questions of fact where the finding is for the defendant. *State v. Robbins,* (1943) 221 Ind. 125, 46 N.E.2d 691; *State v. Van Valkenburg,* (1878) 60 Ind. 302; *State v. Hall,* (1877) 58 Ind. 512; *State v. Phillips,* (1900) 25 Ind.App. 579, 58 N.E. 727.

■ In this case, the state argues that the trial court erred in failing to give certain of the state's tendered instructions covering lesser included offenses to murder. The state admits that any possible error on all but two of the instructions has been waived. The remaining two instructions cover the offenses of voluntary and involuntary manslaughter. Both of these offenses can be lesser included offenses of murder but are not automatically lesser included offenses. The law governing the trial court in its decision to instruct upon lesser included offenses embodies two separate steps. The first step involves an examination of the manner in which the offenses are charged and the statutory definitions of the offenses to determine the entitlement to an instruction on the included offenses. The second step involves a determination of whether there was evidence of probative value from which the jury could properly find the defendant guilty of the lesser included offenses. *Tawney v. State,* (1982) Ind., 439 N.E.2d 582; *Lawrence v. State,* (1978) 268 Ind. 330, 375 N.E.2d 208.

■ It is clear that the first of these steps necessarily involves a consideration of the facts of the specific case to determine the manner in which the offenses were charged and the manner in which they were committed. The refusal to give instructions on lesser included offenses is not an appropriate issue for a reserved question of law since it is a matter of the facts of each individual case and is not a matter of law. In this case, the record shows that defendant presented a defense of self-defense and the appropriate instructions on lesser included offenses had to be determined by the trial court after considering the specific facts of the case. The law does not authorize this Court to review the facts and pronounce an opinion upon them. There-

fore, there is nothing on this issue for us to review.

■ Finally, it is elemental that there can be no retrials in criminal cases where the defendant has received a verdict of not guilty from the jury. It is one of the most fundamental principles of our criminal law that the double jeopardy provisions of our constitutions provide that a verdict of acquittal is final and is a bar to a subsequent prosecution for the same offense. *Green v. United States,* (1957) 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199; *Gillespie v. State,* (1907) 168 Ind. 298, 80 N.E. 829. This is not a case where a conviction has been reversed on appeal and where a retrial might be properly justified. *Webster v. State,* (1980) Ind., 413 N.E.2d 898. The defendant in this case cannot be retried.

Appeal dismissed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.