HOFFMAN, Judge.
Appellee DeVon Goodrich was charged by information with reckless homicide pursuant to IND. CODE § 35-42-1-5 (1982), a Class C felony. The charge stemmed from operation of an automobile by Goodrich and the resultant death of a four-year-old child who was hit by the vehicle when the vehicle left the roadway, jumped a curb and went into a yard where the child and his friends were walking. The cause went to trial to a jury. At the end of the State's case-in-chief, the defendant's motion for a directed verdict was overruled. The defendant then presented his case. The State did not present rebuttal and the defendant renewed his motion for a directed verdict. The trial court granted the motion finding there was insufficient evidence presented to support a guilty verdict and no reason to submit the matter to the jury.
The State brings this appeal upon a reserved question of law pursuant to IND. CODE § 35-38-4-2(4) (1988).[1] As restated, the State presents three areas of inquiry:
(1) the correct stapdard to be applied to a motion for directed verdict;
(2) the sufficiency of the evidence to withstand such a motion; and
(3) the appropriate relief if the directed verdict is found to be improperly granted.
The principles of law relevant to such an appeal are well settled and were suceintly stated in State v. Harner (1983), Ind., 450 N.E.2d 1005, 1005-1006:
"The right of the state to appeal from eriminal proceedings is strictly limited to authorization by statute. State v. Nichols (1980), Ind., [274 Ind. 445] 412 N.E.2d 756, State v. Holland (1980), Ind., [278 Ind. 284] 403 N.E.2d 832; State v. Harris (1982), Ind.App., 488 N.E.2d 899. As a condition to an appeal based upon a reserved question of law, there must *996 have been an acquittal of the defendant. Ind.Code § 85-1-47-2(4); State v. Sierp, (1973) 260 Ind. 57, 292 N.E.2d 245; State v. Huebner, Gardner, (1954) 233 Ind. 566, 122 N.E.2d 88; State v. Eakins, (1976), 169 Ind.App. 390, 348 N.E.2d 681. The purpose of the statute permitting appeals on questions reserved by the state is to obtain from this Court opinions of law which shall declare a rule for the guidance of lower courts on questions likely again to arise in the trial of criminal prosecutions. This Court does not review questions of fact where the finding is for the defendant. State v. Robbins, (1943) 221 Ind. 125, 46 N.E.2d 691; State v. Van Valkenburg, (1878) 60 Ind. 302; State v. Hall, (1877) 58 Ind. 512; State v. Phillips, (1900) 25 Ind. App. 579, 58 N.E. 727."
The State asserts the trial court applied the wrong standard in determining whether to grant the motion denominated by the court as a motion for directed verdict but also referred to as a motion for judgment on the evidence. The standard is set forth in Ind. Rules of Procedure, Trial Rule 50(A):
"Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict...."
A motion for a judgment on the evidence may be made during the trial after presentation of the plaintiff's evidence, after all the evidence, after the entire case but before judgment, in a motion to correct errors or on appeal in a criminal case. T.R. 50(A)(1-5). In addition the court may enter a judgment on the evidence at any time before a motion to correct errors is required or ruled upon. T.R. 50(A)(6).
This standard has been explicitly stated as applied to a criminal case in State v. Lewis (1981), Ind., 429 N.E.2d 1110, 1114, reh. denied (1982):
"The use of the 'thirteenth juror standard' which allows judges to weigh credibility and weigh evidence, cannot be applied in granting a Rule 50 motion for judgment on the evidence. A judgment on the evidence (directed verdict) in a criminal proceeding is proper only where there is a total absence of evidence on some essential issue or where the evidence is without conflict and susceptible to only one inference and that inference is in favor of the defendant. Proctor v. State, (1979), Ind. [272 Ind. 357], 397 N.E.2d 980; Williams v. State, (1979) Ind. [271 Ind. 656], 395 N.E.2d 289; Estep v. State, (1979) Ind. [271 Ind. 5251, 894 N.E.2d 111; Mitchell v. State, (1978), 268 Ind. 437, 376 N.E.2d 473; Carmon v. State, (1976), 265 Ind. 1, 349 N.E.2d 167; Carroll v. State, (1975) 263 Ind. 696, 698, 338 N.E.2d 264; Johnson v. State, (1980) Ind.App., 413 N.E.2d 686; Caudle v. State, (1980) Ind.App., 404 N.E.2d 57; France v. State, (1979) [179] Ind.App. [659], 387 N.E.2d 66; State v. Seymour, (1978) [177] Ind.App. [341], 379 N.E.2d 535."
The standard differs from that applied to a civil case in which a jury verdict has been returned and the motion is made in a motion to correct errors pursuant to T.R. 50(A)(4) and Ind. Rules of Procedure, Trial Rule 59(J)(7). In such case the court may weigh credibility and evidence. Huff v. Travelers Indemnity Co. (1977), 266 Ind. 414, 363 N.E.2d 985. It also differs from the standard applicable in criminal cases to the issue of whether a new trial should be granted pursuant to TR. 59 in which case the judge may act as a "thirteenth juror." Moore v. State (1980), Ind. 273 Ind. 268, 403 N.E.2d 385.
See: State v. Lewis, supra. In contrast to these two situations, when a motion for judgment on the evidence pursuant to T.R. 50(A) is at issue in a criminal proceedings, the judge may only review the evidence to determine if there is a total absence of evidence on an issue or evidence susceptible of only one inference which is in favor *997 of defendant. If there is evidence of each element and/or inconsistent possible inferences, the motion should be denied.
In this case, the trial court erred in its statement of the standard of review. Initially the court indicated the evidence was, as a matter of law, insufficient to support a verdict of guilty. These words are drawn directly from T.R. 50(A). However the court also orally stated in its ruling on the motion that the evidence was legally insufficient to establish beyond a reasonable doubt the defendant acted recklessly. This same phrase was entered in the minute entry. Finally in the opinion of the trial court denying the State's motion to correct errors, the court elaborated on its reasoning. The court acknowledged the standard requiring a total absence of evidence on an essential element or but one inference to be drawn in favor of the defendant. The court indicated this standard applied when ruling on a motion for judgment on the evidence at the end of the State's case. The court went on to state that when deciding a motion at the end of all the evidence, the standard is different and requires that:
"Where the evidence is so insubstantial or weak that one can say as a matter of law that no reasonable jury could find that the evidence proved beyond a reasonable doubt all of the essential elements necessary for a conviction, a conviction of guilty under those cireumstance-es cannot be sustained and the Court should either refuse to submit the issue to the jury and grant a directed verdict, or in the case where it is submitted to the jury, enter a verdict notwithstanding the jury's finding. The evidence must establish as a matter of law that all of the essential elements have been proved beyond a reasonable doubt and a mere possibility of guilt is not sufficient to support a verdict...."
This standard as stated is incorrect in deciding a motion for judgment on the evidence as it requires a weighing of the evidence.
However, looking only at the evidence most favorable to the State, there is no conflict in the evidence. The State did not present any evidence to establish nor from which it could be inferred that Goodrich acted in a reckless manner.
Culpability based on reckless conduct requires a showing that the actor engages in conduct in "plain, conscious and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." IND. CODE § 35-41-2-2(c) (1982). At best, the State's evidence established only that the vehicle Goodrich was driving left the right hand lane of traffic, crossed the center line into the lanes of oncoming traffic and ended up in a yard on the opposite side of the road, having tragically struck and killed a child walking in that yard. The crossing of the center line into the oncoming traffic lanes is not sufficient to establish reckless conduct. DeVaney v. State (1972), 259 Ind. 483, 288 N.E.2d 732, 738; State v. Kelsey (1975), 163 Ind.App. 543, 325 N.E.2d 218, 219. The State therefore failed to establish any evidence on the element of recklessness and the judgment on the evidence was properly granted.
The trial court ruling is affirmed.
STATON, P.J., concurs.
GARRARD, J., concurs in result with opinion.

. IND. CODE § 35-38-4-2 provides in pertinent part:
"Sec, 2. Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:
La # # * * #
(4) Upon a question reserved by the state, if the defendant is acquitted."