STATE of Indiana, Appellant,

v.

Ozzie Lane LAWSON, Appellee.

No. 1278S302.

Supreme Court of Indiana.

Feb. 7, 1980.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Harriette Bailey Conn, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal by the State from a judgment declaring Ind.Code § 35–12–1–1 (repealed) violative of the proscriptions of the Eighth Amendment and Art. I, § 16, of the Indiana Constitution against cruel and unusual punishments and of Art. I, § 18, of the Indiana Constitution requiring the penal code to be based upon principles of reformation and not vindictive justice. The deficiency in the statute was stated to be its prohibition against the suspension of the determinate sentence to be meted out upon conviction for committing or attempting to commit a felony while armed.

Upon a plea of guilty appellee was sentenced on May 16, 1977, to a determinate term of ten years pursuant to the statute. The statute was repealed effective October 1, 1977. Thereafter on March 21, 1978, appellee filed a Petition for Reconsideration of Sentence, and on April 24, 1978, at a hearing the court below rendered its judgment from which the State appeals in this case suspending further execution of appellee's sentence and placing him upon probation for four years. This Court's jurisdiction in this appeal rests upon Ind.R.App.P. 4(A)(8).

Appellee contends first that this appeal should be dismissed because it does not fall within any of the classes of cases delineated in Ind.Code § 35–1–47–2, as being appealable by the State. Appellee's peti-

tion below challenged his sentence and was filed nine months after the sentence was given. Appellee's petition may properly be characterized as a petition for post-conviction relief under Ind.R.P.C. 1, § 1(a)(1), which expressly sanctions post-conviction challenges to the constitutionality of sentences. Rule P.C. 1, § 7, expressly permits appeals by the State from judgments rendered upon post-conviction petitions. Accordingly, this appeal, while not sanctioned by the statute, is sanctioned by our rule and is warranted.

■ Appellee next contends preliminarily that we need not address the merits of this appeal as posed by the State as the appeal is moot. He relies upon *State v. Vore,* (1978) Ind., 375 N.E.2d 205. There a two part judgment first declared an exemption provision of a criminal statute unconstitutional and then declared as a consequence that the entire statute was void upon a further determination that the defective provision was nonseverable. We reasoned that the repeal of the defective exemption provision after final briefing in this Court rendered the appeal moot. Appellee's contention that the repeal in the present case should have like result is not without logical foundation. However, the crux of the *Vore* case is that we gauged the interest of the State in bringing that appeal and maintaining the viability of the statute to be minimal. We did so by considering the total failure of the State to challenge the nonseverability determination and the fact that the prosecution was for a misdemeanor for showing an allegedly obscene film in an ongoing theater on but a single occasion. Here, in contrast, the asserted interest of the State in upholding the statute is much greater as it would affect others sentenced under Ind.Code § 35–12–1–1 as well as appellant's present status as a probationer. Moreover this case has, unlike *Vore,* been prosecuted to conviction. The *Vore* case stands at the outer limits of the mootness realm and cannot in our understanding be extended to include circumstances such as exist in this case.

■ Then as we turn to the merits of this case we find the case of *State v. Palmer,* (1979) Ind., 386 N.E.2d 946, to be binding and decisive with regard to the cruel and unusual punishment claim. There we reversed an earlier judgment of the court below, by which it struck down the provisions of Ind.Code § 35–7–1–1 (repealed effective October 1, 1977) which prohibited the sentencing court from suspending the sentence given upon conviction for certain felonies as violative of the same constitutional provisions prohibiting cruel and unusual punishments. The non-suspendibility provision of Ind.Code § 35–12–1–1 is the same as that considered in *State v. Palmer, supra,* for our purposes here, and we likewise find no such constitutional deficiency in it. Cf. *Smith v. State,* (1975) 165 Ind. App. 291, 332 N.E.2d 121.

■ Appellant State next claims that the non-suspension provision of the statute is not founded upon vindictive justice contrary to Art. I, § 18, as declared by the trial court. Two recent cases have considered the meaning of this section of our Bill of Rights. In *Davis v. State,* (1971) 256 Ind. 58, 267 N.E.2d 63, we held that a statute which would purport to authorize a judge to increase a term of imprisonment after it had initially been selected and set at sentencing from a range of alternatives, because of misconduct subsequent to such initial sentencing, would "imply adherence to a philosophy of vindictive justice in clear violation of our state constitution (see Ind. Const.Art. 1, § 18)." In *Adams v. State,* (1971) 259 Ind. 64, 271 N.E.2d 425, a majority of this Court held that the penalty of death for first degree murder is not vindictive within the meaning of the Bill of Rights. These cases, while difficult of synthesis, do reflect that one element within the scope of the provision is that no criminal statute may properly impose a heightened penal burden for reasons wholly extraneous to the nature of the offense or the dangerous nature of the accused. In the case before us the crime of attempting to commit a robbery while armed with a deadly weapon is obviously one which greatly endangers the lives of the victims as well as

other innocent citizens who may be in the area where the crime occurs. It is to be gleaned from the statute that the legislative judgment that sentences for such crimes are not subject to suspension by the court is grounded in the nature of the offense and is not therefore in our opinion vindictive in the constitutional sense.

We accordingly hold that the trial court erred in ordering appellee's sentence suspended and was limited to sentencing appellant under the provisions of Ind.Code § 35–12–1–1. The cause is accordingly remanded to the trial court with instructions to modify its judgment consistent with this opinion.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.