**STATE of Indiana, Appellant,**

v.

**Jerry Lewis NICHOLS, Appellee.**

No. 980S376.

Supreme Court of Indiana.

Nov. 25, 1980.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, Walter P. Chapala, LaPorte County Prosecutor, Michigan City, for appellant.

Michael P. Scopelitis, South Bend, for appellee.

GIVAN, Chief Justice.

The State of Indiana brought this interlocutory appeal from the trial court's order granting defendant–appellee's motion to suppress his confession. The cause was originally filed in the Court of Appeals upon the certification of the trial court under Indiana Rule of Appellate Procedure 4(B)(5). The Court of Appeals granted appellant's petition for acceptance of the interlocutory appeal under A.P. 4(B)(5). Following that order, the appellee filed a motion to dismiss the appeal, which motion was taken under advisement by the Court of Appeals pending decision of the case on the merits. On the same day the appellee also filed his petition to transfer the cause to the Supreme Court, setting out that he stood charged with a crime, the punishment for which, if convicted, could be death. The Court of Appeals granted a petition to transfer the case to this Court for disposition.

We now examine the appellee's motion to dismiss the appeal before proceeding further with the case. The motion to dismiss,

in substance, states: (1) The issue presented by the appeal does not come within the purview of I.C. § 35–1–47–2; and (2) the Courts on appeal have been given no factual basis by the appellant from which it can be found that the issue raised involves a substantial question of law, the early determination of which would promote a more orderly disposition of the case, or that the State's remedy by appeal after judgment would be inadequate.

We find that the cause should in fact be dismissed, and it is so ordered.

■ The State's right to appeal is limited by I.C. § 35–1–47–2 (Burns Supp. 1980). The statute sets out the instances from which the State may appeal as follows:

35–1–47–2 [9–2304]. Appeals to the Supreme Court may be taken by the state in the following cases:

First. From a judgment for the defendant, on quashing or setting aside an indictment or information, or sustaining a plea in abatement.

Second. From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

Third. From a judgment of the court arresting judgment.

Fourth. Upon a question reserved by the state. [Acts 1905, ch. 169, § 325, p. 584; 1955, ch. 315, § 1, p. 968; 1974, P.L. 143, § 25, p. 604.]

This cause does not fall within the ambit of the statutory provisions.

■ The Indiana Rules of Appellate Procedure 4(B) read as follows:

(B) In all other cases, appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana. Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions; or the appointment of receivers;

(4) Orders and judgments upon writs of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(5) Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. The petition for an appeal under subsection (5) of subdivision (B) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any.

Although the trial judge in this case has certified this matter under the rule as above set out, and the Court of Appeals has accepted the same pursuant to the rule, that decision of the Court of Appeals was obviously done as a preliminary matter in that the court specifically preserved the right to rule on the motion to dismiss at a later time prior to its transfer to this Court. In previous cases, this Court has taken appeals from interlocutory orders in criminal proceedings brought by the State in narrow circumstances. The underlying policy in

these cases was stated in *State v. Palmer* (1979) Ind., 386 N.E.2d 946, 949, as follows:

"It is the duty and jurisdiction of this Court to determine the constitutionality of the laws of this State. For the law to be universally administered, it is necessary for this authority to rest in but one place. This is the purpose, of course, of Appellate Rule 4(A)(8). Obviously, if this were not so, constitutional interpretation could vary from one judicial circuit to another throughout the State."

Thus, we entertained the State's appeal from the trial court's act of suspending a defendant's sentence contrary to statutory provision, declaring that statute unconstitutional. In a similar situation, we proceeded to the merits of an appeal from the trial court's declaration of unconstitutionality of I.C. § 35–50–2–9(b)(8) as a deprivation of due process. *State v. McCormick* (1979) Ind., 397 N.E.2d 276. In *State v. Tindell*, (1980) Ind., 399 N.E.2d 746, this Court deemed the trial court's suppression order, based on the alleged unconstitutionality of the search provision of I.C. § 9–1–2–3(b) [Burns 1973], appealable. We also held an appeal proper by the State from a judgment declaring I.C. § 35–12–1–1 (repealed) unconstitutional. See *State v. Lawson* (1980) Ind., 400 N.E.2d 128.

However, in *State v. Holland*, (1980) Ind., 403 N.E.2d 832, the State attempted to appeal the trial court's dismissal with prejudice of a count in a criminal prosecution, based on defendant's objection to a crucial piece of evidence. In dismissing that appeal, we found no compelling policy to support the expansion of the State's right to appeal.

In the case at bar, there is no question of constitutionality presented. The merits solely concern the correctness of the ruling of the trial court's determination that the defendant's confession should be suppressed. We view this as no different than any other ruling by a trial judge concerning admissibility of evidence during the course of a trial. This Court is extremely reluctant to place the Indiana judiciary in the position of having a potential appeal from every ruling on the admissibility of evidence by a trial judge.

Appellee's motion to dismiss appellant's appeal is sustained.

GIVAN, C. J., and DeBRULER, PIVARNIK and PRENTICE, JJ., concur.

HUNTER, J., concurs in result with opinion.

HUNTER, Justice, concurring in result.

I disagree with the majority opinion insofar as it holds that Ind.R.Ap.P. 4 (A)(8) and its underlying policy that this Court determine the validity of state statutes which have been declared unconstitutional provide the necessary authority for the state to bring interlocutory appeals pursuant to Ind. R.Ap.P. 4(B)(5) in criminal cases. As I read *State v. Palmer*, (1979) Ind., 386 N.E.2d 946, cited by the majority, the reason we permitted the state to bring that appeal, even though Ind. Code § 35–1–47–2 (Burns 1979 Repl.) was inapplicable, was because we found that it could have invoked our jurisdiction had it filed an original action for a writ of mandate. Although *Palmer* did not involve an interlocutory appeal, I would not preclude its application to such appeals. It does not appear that the present case would have been appropriate for an original action. Therefore, the appeal could not be sustained under *Palmer*.

Neither *State v. Holland*, (1980) Ind., 403 N.E.2d 832, nor *State v. Lawson*, (1980) Ind., 400 N.E.2d 128, other cases cited by the majority, involved interlocutory appeals by the state pursuant to Ind.R.Ap.P. 4(B)(5). In *State v. Tindell*, (1980) Ind., 399 N.E.2d 746, although the question of an interlocutory appeal arguably existed, the appeal was deemed to be taken from a final judgment of dismissal, and the issue of the state's right to bring a 4(B)(5) appeal was not decided. In *State v. McCormick*, (1979) Ind., 397 N.E.2d 276, an interlocutory appeal was the procedural vehicle utilized, but the issue of the state's right to use that procedure was never specifically addressed by this Court. We were squarely presented with the question of the state's authority to

appeal under Ind.R.Ap.P. 4(B)(5) for the first time in *State v. McMillan*, (1980) Ind., 409 N.E.2d 612, and I concur here for the reasons expressed therein.