**William PALLETT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 89S00–8611–PC–961.**

Supreme Court of Indiana.

Dec. 15, 1987.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of appellant's Petition to File a Belated Motion to Correct Error on the denial of his Petition for Post–Conviction Relief. Appellant was convicted of Assault and Battery with Intent to Kill and Inflicting Physical Injury During the Commission of a Robbery, for which he was sentenced to two (2) to fourteen (14) years and life imprisonment. We hold there was no abuse of discretion by the post-conviction court. Its ruling is affirmed.

The facts are: Appellant's conviction was affirmed upon direct appeal. *Pallett v. State* (1978), 269 Ind. 396, 381 N.E.2d 452. Subsequently, in June 1982, appellant filed a *pro se* petition for post-conviction relief challenging his conviction. During its pendency, appellant had two public defenders yet made use of them merely as stand-by counsel. He acted as his own attorney at the post-conviction hearings, with stand-by counsel assisting only with the introduction of certain exhibits. On May 10, 1983, the court denied the petition.

Two weeks later, appellant filed a *pro se* "Notice of Appeal." Eight months later, in January 1984, he filed a *pro se* "Petition for Copy of Transcript." Four months after that, at appellant's request, the court appointed the State Public Defender to represent him. After six months, a "Petition for Permission to File a Belated Motion to Correct Error" was filed by State Public Defender counsel. One and one-half years later, after several changes of public defender counsel and transfer from Wayne Circuit Court to Wayne Superior Court No. 1, appellant's petition to file a belated motion was heard on April 10, 1986, and denied with a written ruling on July 1, 1986.

We note parenthetically that although this case was supposedly transferred to the Wayne Superior Court No. 1 where it was supposedly given a new number, the briefs and the transcript carry the designation Wayne Circuit Court with the circuit court number; however, they show J. Brandon Griffis as the judge. Whereas, this Court will take judicial notice that J. Brandon Griffis is the judge in Wayne Superior Court No. 1, and whereas post-conviction relief proceedings are properly held under the cause number of the original case, we therefore treat this as an appeal from the Wayne Circuit Court with the Honorable J. Brandon Griffis sitting as a special judge to hear the post-conviction relief petition.

Judge Griffis found that "[n]o motion to correct error was filed within sixty days of the Court's ruling." He went on to say:

"[F]ailure to file a timely motion to correct errors was the direct result of his election to maintain this action pro se.

\* \* \* \* \* \*

In representing himself, he accepted the burdens and hazards thereof. *Engle v. State* (1984), [Ind.], 467 N.E.2d 712. Turning to Rule PC 2, this Court finds that the failure to timely file a motion to correct errors was due to the fault of the defendant and pursuant to sub-paragraph (b), his motion should be denied."

Appellant contends the post-conviction court erred in finding that he was at fault for failing to timely file his motion to correct error, because he was confused about and unaware of the procedures necessary to perfect his appeal. In his brief, appellant points out that to have the right to file a belated motion to correct error, appellant must establish as per Ind.R.P.C.R. 2, § 1(b), that his failure to timely file was not his fault. *Blackmon v. State* (1983), Ind.App., 450 N.E.2d 104. However, an

appellant carries the burden of establishing such grounds by a preponderance of the evidence. Whether it has been so established is a determination to be made on a case-by-case basis and lies within the sound discretion of the trial court, whose ruling will not be disturbed unless abuse of discretion is shown. We will reverse the post-conviction court's decision only where the evidence is without conflict and leads unerringly to the opposite result. *Dobeski v. State* (1981), 275 Ind. 662, 419 N.E.2d 753.

In the case at bar, the State presented evidence that conflicts with appellant's claim. He admitted being advised and aware of his appeal rights and responsibilities, and while he knew there was a time limit for initiating the appeal he never sought to determine precisely when to file what from either the judge or his standby public defender. Since there was evidence to support the post-conviction court there was no abuse of discretion.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.