Arthur BEATTY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0603–CR–163.

Court of Appeals of Indiana.

Sept. 26, 2006.

Ruth Johnson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Mara McCabe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Arthur Beatty appeals from his conviction for Voluntary Manslaughter,[1] a class B felony. Specifically, Beatty argues that the trial court erred in instructing the jury and that there is insufficient evidence supporting his conviction. Additionally, the State cross-appeals the trial court's order granting Beatty's petition to file a belated notice of appeal. Finding that Beatty has failed to establish that he was without fault for failing to file a timely notice of appeal or that he was diligent in requesting permission to file the belated notice of appeal, we reverse the trial court's order granting Beatty's petition and dismiss Beatty's appeal.

### FACTS

On the night of December 31, 1981, Beatty's father, Henry Beatty, arrived at the Pump Room Tavern in Indianapolis, which was the workplace of Beatty's mother, Mary Ann Beatty. Henry and Mary Ann had a long history of domestic violence and were estranged at the time of the incident.

---

1. Ind.Code § 35–42–1–3.

Beatty arrived at the Pump Room at approximately 3:00 a.m. to drive Mary Ann home after her shift had ended. Henry followed them out of the bar and then followed them in his vehicle. When Beatty pulled his vehicle into the parking lot of a gas station at 30th and Illinois Streets, Henry followed.

At the gas station, Henry pulled Mary Ann out of Beatty's vehicle and held her to the ground. Mary Ann was armed with a knife and struck at Henry with the weapon. Mary Ann and Beatty's girlfriend testified that they observed Beatty exit the vehicle and then plead with his father to stop and to release Mary Ann. Two gas station attendants who witnessed the scene observed Beatty exit his vehicle with a gun in his hand, walk over to Henry, point the gun at him, and begin firing. Ultimately, Beatty shot and killed Henry.

On January 1, 1982, the State charged Beatty with murder and carrying a handgun without a license. Beatty's jury trial began on April 19, 1982. At the close of evidence, the State requested that the trial court instruct the jury on the lesser-included offense of voluntary manslaughter. The trial court agreed and presented the instruction over Beatty's objection. On April 20, 1982, the jury convicted Beatty of voluntary manslaughter and carrying a handgun without a license. On May 14, 1982, the trial court sentenced Beatty to five years of imprisonment, suspending four years and committing Beatty to Riverside Treatment Facility for one year. Beatty was placed on probation on August 30, 1983, and his probation expired at some point during 1986.

In 1991, Beatty was convicted of murder under a different cause number. The sentence that was imposed on that conviction was aggravated because of the 1982 voluntary manslaughter conviction. In 1996, Beatty retained counsel to assist him in obtaining relief from the sentence imposed following the murder conviction. At that time, Beatty learned that the attorney who had represented him in the trial following his father's death had not filed a direct appeal even though he had purportedly asked her to do so.

Beatty took no further action in the underlying case until February 12, 2002, when he filed a pro se petition for post-conviction relief in the instant matter. On October 29, 2003, the State public defender filed a notice of non-representation because Beatty was not subjected to any penal consequence inasmuch as he had completed the sentence in the voluntary manslaughter case in 1986. After Beatty retained counsel, on June 14, 2004, he withdrew his post-conviction relief petition. On March 22, 2005, Beatty filed another pro se petition for post-conviction relief. The State moved to dismiss the petition because Beatty had not pursued a direct appeal. The post-conviction court granted the State's motion on May 5, 2005.

On May 25, 2005, Beatty filed a pro se petition to file a belated notice of appeal. The trial court held a hearing on Beatty's petition on July 6, 2006, at which time the State objected to Beatty's petition because Beatty had not established that he was diligent in pursuing the appeal or that the delay was no fault of his own. At the close of the hearing, the trial court directed Beatty to file, by counsel, a petition to file a belated notice of appeal by August 12, 2005, and directed the State to file a written objection to Beatty's petition within one week, by August 19, 2005. Beatty subsequently sought and received an extension of time to file his petition, which he ultimately filed on August 24, 2005. The trial court granted Beatty's petition on August 29, 2005, even though the one-week deadline for the State to file its written objection had not passed. Thus, the State

did not file a written objection. Appellant's App. p. 20–21.

Beatty now appeals his voluntary manslaughter conviction and the State appeals the trial court's order granting Beatty's petition for permission to file a belated appeal.

### DISCUSSION AND DECISION

 Turning first to the State's cross-appeal, we observe that whether to grant or deny a defendant's petition to file a belated notice of appeal is a matter entrusted to the sound discretion of the trial court and the trial court's decision will be reversed only for an abuse of discretion or where the decision is contrary to law. *Pallett v. State*, 516 N.E.2d 22, 24 (Ind. 1987). A trial court abuses its discretion where its decision is against the logic and effect of the facts and circumstances before it. *Hart v. State*, 829 N.E.2d 541, 543 (Ind.Ct.App.2005).

A petition for permission to file a belated notice of appeal may be granted where the defendant was without fault for failing to file a timely notice of appeal and where the defendant was diligent in requesting permission to file the belated notice of appeal. Ind. Post–Conviction Rule 2(1). The defendant bears the burden to prove both of these requirements by a preponderance of the evidence. *Pallett*, 516 N.E.2d at 23–24. Post–Conviction Rule 2(1) also requires that the trial court consider these two factors in deciding whether to grant or deny a petition to file a belated notice of appeal and that the trial court must grant the petition where it finds that the defendant has established the two factors. P–C.R. 2(1).

 Beatty argues that the State has no right to appeal from an order granting a petition for permission to file a belated

notice of appeal. He first directs our attention to Indiana Code section 35–38–4–2, which enumerates the circumstances under which the State is entitled to appeal from a criminal proceeding. Beatty emphasizes that orders granting permission to file a belated notice of appeal are not included in the statutory list. But a petition to file a belated notice of appeal is authorized and governed by the Post–Conviction Rules; consequently, the proceeding herein is properly characterized as a post-conviction proceeding rather than a criminal proceeding. *See State v. Lawson*, 272 Ind. 541, 400 N.E.2d 128, 128–29 (1980) (concluding that petition challenging defendant's sentence that was filed nine months after sentencing was properly characterized as a petition for post-conviction relief). Thus, the State's right to cross-appeal from an order granting such a petition is governed by rule rather than statute. *See id.* at 129 (holding that State's appeal from order granting defendant's petition was permissible because it was sanctioned by rule, not by statute).

Turning to Post–Conviction Rule 2(1), we acknowledge that the Rule explicitly allows a defendant to appeal from the denial of his petition to file a belated notice of appeal but is silent with respect to the State's authority to cross-appeal an order granting such a petition. The Rule does provide, however, that if the trial court grants the petition, the "notice of appeal shall be treated *for all purposes* as if filed within the prescribed period." P–C.R. 2(1) (emphasis added). Pursuant to Indiana Appellate Rule 9(D), an appellee—here, the State—may cross-appeal by raising cross-appeal issues in the appellee's brief. Nothing in the Appellate Rules otherwise limits the State's ability to cross-appeal under these circumstances.[2] Consequent-

---

2. Appellate Rule 7(A) restricts the State's ability to appeal and cross-appeal a defendant's

ly, we conclude that the State is authorized to appeal from an order granting a defendant's petition to file a belated notice of appeal.[3]

■ As to the merits of the State's argument, we turn to the timeline of relevant events revealed by the record. Beatty was convicted of voluntary manslaughter in 1982. Appellant's App. p. 80. He completed his sentence in 1986. Appellee's Br. p. 3. In 1996, Beatty learned from his attorney representing him in a separate criminal proceeding that the attorney representing him in the underlying case had not filed a direct appeal as he had requested. Belated Appeal Tr. p. 7; Appellant's App. p. 207. For six years, Beatty took no action with respect to the underlying proceeding. In 2002, Beatty filed a pro se petition for post-conviction relief with respect to his voluntary manslaughter conviction and sentence. Appellant's App. p. 112–21. In 2004, Beatty withdrew that petition, and in 2005, he filed a second pro se petition for post-conviction review. *Id.* at 163, 165–77. The State moved to dismiss the petition and that motion was granted. *Id.* at 177–80. Finally, on May 25, 2005, Beatty filed the petition to file a belated notice of appeal that is at issue herein. *Id.* at 184.

Beatty insists that he was without fault for failing to file a timely notice of appeal because he did not know until 1996 that his attorney had not filed a direct appeal as he had requested. Even if we accept that as true for argument's sake, Beatty has never attempted to explain the six-year delay between 1996, when he learned that no direct appeal had been filed, and 2002, when he first filed a petition for post-conviction relief in this case. It may be true that Beatty filed his petition to file a

belated notice of appeal immediately after the post-conviction court dismissed his second petition for post-conviction relief based upon a finding that he should have pursued a direct appeal before pursuing post-conviction relief, but that does not excuse the six-year delay between 1996 and 2002. Consequently, we conclude that Beatty has not established that he was without fault in failing to file a timely notice of appeal or that he was diligent in requesting permission to file a belated notice of appeal.

■ Beatty argues that the State has waived this argument because it failed to file a written objection to his petition as ordered by the trial court. But as noted above, at the hearing on Beatty's pro se petition to file a belated notice of appeal, the trial court directed Beatty to file a petition by counsel and afforded the State a week to file its written response thereto. Belated Appeal Tr. p. 9–10. But the trial court granted Beatty's petition only five days after it had been filed; thus, the State's time to respond had not yet passed. Under these circumstances, we cannot conclude that the State has waived this argument.

Ordinarily, we would remand this matter to the trial court to afford the State an opportunity to present its objections to Beatty's petition. But under these somewhat peculiar circumstances, the trial court held a hearing on the petition before the proper petition and the State's written response had been filed. Consequently, the State had an opportunity to articulate its reasons for objecting to the petition and the record adequately reflects those arguments. Inasmuch as we have concluded that the evidence does not support a conclusion that Beatty was without fault in

---

sentence, but that rule does not apply to the situation presented herein.

3. We hereby deny Beatty's motion to strike the State's cross-appeal.

failing to file a timely notice of appeal or that he was diligent in requesting permission to file a belated notice of appeal, we must reverse the judgment of the trial court and dismiss Beatty's appeal.

The judgment of the trial court is reversed.

VAIDIK, J., and CRONE, J., concur.