**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD J. BERGER**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

THEOLA ANN HEGGLER,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Appellant-Defendant,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No. 71A03-1312-CR-490
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF INDIANA,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Appellee-Plaintiff.⠀⠀⠀⠀⠀)

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1207-FC-174

**September 5, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Theola Heggler appeals from her conviction for Welfare Fraud,[1] a class D felony, arguing that the evidence was insufficient to support her conviction. The State raises an argument as well, contending that Heggler's appeal is untimely. Finding that this appeal is untimely and that, consequently, we have no jurisdiction, we dismiss the appeal.

## FACTS

On May 28, 2013, a jury found Heggler guilty of class D felony welfare fraud. On July 17, 2013, the trial court imposed an eighteen-month sentence on Heggler, fully suspended and to be served on probation. At the close of the sentencing hearing, the trial court advised Heggler of her right to appeal. The trial court neglected, however, to inform Heggler that if she could not afford to pay an attorney, a public defender could be appointed to her for the purpose of an appeal. Tr. p. 412-13.

On or about November 25, 2013, Heggler sent a pro se handwritten letter to the trial court. Although the letter itself is not included in the record on appeal, the trial court included the text of the letter in its subsequent November 25, 2013, order: "'I was not told I could get a public defender to appeal my case. I could not afford to pay another lawyer. I ask [sic] for a[n] appeal with a chance of having A Public Defender.'" Appellant's App. p. 14. The trial court treated Heggler's letter as a request to file a belated notice of appeal. Acknowledging that it had failed to advise Heggler of her right to a public defender on appeal, the trial court granted her request to file a belated appeal.

## DISCUSSION AND DECISION

---

[1] Ind. Code § 35-43-5-7.

As a preliminary issue, the State argues that Heggler's appeal is untimely filed, and as such this Court is without jurisdiction to entertain it. Ind. Appellate Rule 9(A)(5); Davis v. State, 771 N.E.2d 647, 649 (Ind. 2002) (holding that the Court of Appeals lacks subject matter jurisdiction over untimely appeals). A defendant is entitled to a belated appeal where the defendant was without fault for failing to timely file the notice of appeal and where the defendant has been diligent in requesting permission to file the belated notice of appeal. Ind. Post-Conviction Rule 2(1)(a). The defendant bears the burden of proving both of these requirements by a preponderance of the evidence. Beatty v. State, 854 N.E.2d 406, 409 (Ind. Ct. App. 2006). If the trial court finds that the requirements have been met, it "shall" permit the defendant to file the belated notice of appeal. P-C.R. 2(1)(c).

Here, the trial court made no findings regarding either prong of Post-Conviction Rule 2(1). We can infer from its order that it concluded, based on the lack of an advisement regarding the right to a public defender, that Heggler was without fault for failing to timely file the notice of appeal. But there is nothing in its order finding that Heggler was diligent in requesting permission to file the belated notice of appeal. Moreover, inasmuch as no hearing was held and Heggler presented no evidence regarding her request, there is nothing in the record from which we could draw this conclusion. Had the trial court made this finding, we would permit the appeal to proceed. In its absence, however, we are compelled to find that the appeal is untimely and we are without jurisdiction to consider the issues raised herein.

3

Dismissed.[2]

KIRSCH, J., and ROBB, J., concur.

---

[2] We are hopeful that, should Heggler file a renewed motion for belated appeal and should that be granted by the trial court with the necessary findings, the intervening time will afford counsel for Heggler an opportunity to become familiarized with the Rules of Appellate Procedure and the record in this case. We especially encourage citations to the record in the Statement of the Case and to relevant caselaw in the Argument section in the future.